IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN TALAMANTEZ, JR., <br> TDCJ No. 02351076, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | §§§§§§§§§§§§§ | CIVIL NO. SA-23-CA-1402-FB |

**MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner Ruben Talamantez, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1). In the § 2254 petition, petitioner challenges the constitutionality of his 2021 state court convictions for indecency with a child, arguing that his trial counsel failed to provide effective assistance and that the prosecution committed misconduct. Also before the Court is respondent Bobby Lumpkin's Answer (ECF No. 10).

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In June 2021, an Atascosa County jury convicted petitioner of three counts of indecency with a child—two for sexual contact and one for exposure, all enhanced—and sentenced him to 99 years of imprisonment for each count, with the sentences to run concurrently. *State v. Talamantez, Jr.*, No. 20-

05-0135-CRA (81st/218th Dist. Ct., Atascosa Cnty., Tex. June 8, 2021); (ECF No. 9-2 at 42-50). The Texas Fourth Court of Appeals affirmed his convictions on direct appeal. *Talamantez, Jr. v. State*, No. 04-21-00469-CR, 2022 WL 16954853 (Tex. App.—San Antonio, Nov. 16, 2022); (ECF No. 9-13). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.[1] Instead, petitioner challenged the constitutionality of his convictions by filing an application for state habeas corpus relief. *Ex parte Talamantez, Jr.*, No. 94,695-01 (Tex. Crim. App.); (ECF No. 9-16 at 61-88). The Texas Court of Criminal Appeals ultimately denied the application without written order on May 31, 2023. (ECF No. 9-17).

Petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief on November 1, 2023. (ECF No. 1 at 15). In the petition, petitioner argues that: (1) his trial counsel rendered ineffective assistance by failing to object when a prosecution witness lied about her age, and (2) the prosecution committed misconduct by intentionally presenting false testimony concerning the witness's age. *Id.* at 5-7, 18-22.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141

---

[1] *See* http://www.search.txcourts.gov, search for "Talamantez, Ruben" last visited November 20, 2024.

(2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Federal habeas review is straightforward when a state habeas court has provided reasons for its decision to deny habeas relief: the reviewing federal court must "train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims." *Wooten v. Lumpkin*, 113 F.4th 560, 566 (5th Cir. 2024) (citing *Wilson v. Sellers*, 584 U.S. 122, 125 (2018)). But when a state court's denial of habeas relief is not explained, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Id*. If, as in this case, there is no reasoned state court decision to look to, a federal court "must determine what arguments or theories supported or, . . . could have supported, the state court's decision." *Richter*, 562 U.S. at 102.

Regardless of whether a reasoned explanation was provided, a state court's rejection of a claim on the merits precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Id*. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

**A.      Trial Counsel (Claim 1)**

In his first claim for relief, petitioner contends that his trial counsel, Abel Dominguez, rendered ineffective assistance by failing to object when Barbara Martinez, a prosecution witness, lied about her age. The allegation was rejected by the Texas Court of Criminal Appeals during petitioner's state habeas proceedings. As discussed below, petitioner fails to demonstrate the state court's determination was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.      Barbara Martinez's Testimony

The State called Martinez to testify during the guilt-innocence phase regarding petitioner's prior sexual assault conviction from March 1994. Prior to her testimony, the trial court held a hearing outside the presence of the jury to determine the admissibility of Martinez's testimony. (ECF No. 9-7 at 119-24). At the hearing, Martinez testified she was sexually assaulted by petitioner in July 1993 when she was sixteen years of age. *Id*. She also testified petitioner was convicted of the offense and was sentenced to ten years in prison. *Id*.

Following her testimony, the State argued that her testimony was admissible as an extraneous offense under Article 38.37(2)(b) of the Texas Code of Criminal Procedure because it described an act very similar in nature to the instant offense. *Id*. at 123. Counsel objected to the testimony on the grounds that it is more prejudicial than probative, explaining that the defense already stipulated that petitioner pled guilty to, and served time for, other extraneous offenses, including the offense described by Martinez. *Id*. at 124. The trial court overruled counsel's objection and found Martinez's testimony was admissible under Article 38.37. *Id*. Martinez then testified to the same facts in front of the jury without further objection from counsel.

2.   The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

3. <u>Analysis</u>

Petitioner faults counsel for failing to object when Martinez allegedly testified falsely that she was sixteen years old at the time of the prior offense, arguing that police records available to counsel show that she was actually seventeen years old in July 1993. To succeed on this claim petitioner must show counsel failed to raise a meritorious objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (holding a futile or meritless objection does not support a claim of ineffective assistance of counsel). To establish that a witness for the state committed perjury, the defense must show (1) the

witness actually gave false testimony; (2) the falsity was material, i.e., there was a reasonable likelihood the false statement affected the judgment of the jury; and (3) the prosecution used the testimony knowing that it was false. *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir. 2007) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)).

Here, petitioner fails to provide any relevant evidence establishing that Martinez testified falsely about her age or that the prosecution knew her testimony was false.[2] But "absent evidence in the record," this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). For this reason alone, petitioner's conclusory and speculative allegation could be denied. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Nevertheless, even if petitioner could establish that Martinez did, in fact, testify falsely, he still fails to demonstrate that counsel's failure to object was ultimately prejudicial to his defense. Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

---

[2] Along with his federal petition, petitioner attached a document allegedly from the Pleasanton Police Department listing October 31, 1975, as Martinez's date of birth. (ECF No. 1 at 23). Even assuming the document definitively established that Martinez was seventeen at the time of the previous offense—which it does not—the Court would be unable to consider the document because petitioner failed to present it to the state courts during his state habeas proceedings. *See Pinholster*, 563 U.S. at 185 (for claims adjudicated on the merits in state court, "petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."); *Broadnax v. Lumpkin*, 987 F.3d 400, 406-07 (5th Cir. 2021) (finding "petitioner must demonstrate that habeas relief is warranted under § 2254(d) *on the state court record alone*."); *see also Halprin v. Davis*, 911 F.3d 247, 255 (5th Cir. 2018) (finding § 2254(d)(2) also "expressly limits review to the state court record.").

466 U.S. at 694.  "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury." *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that counsel's failure to object was prejudicial to his defense. Petitioner had already stipulated to committing, and serving time for, the previous sexual assault prior to trial.  (ECF Nos. 9-2 at 18, 9-7 at 124).  While petitioner argues that counsel's failure to object resulted in the erroneous admission of the prior offense at the guilt/innocence phase, he fails to establish that such an objection would have been sustained by the trial court, much less that it would have prevented the admission of Martinez's testimony given other similarities (aside from age) between the two offenses.

Furthermore, even if counsel could have successfully prevented Martinez's testimony, it is unlikely that the results of his trial would have been different.  Contrary to petitioner's argument, the record demonstrates that the State's case was strong and there was substantial corroborated evidence against petitioner aside from the extraneous offense.  *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008).  This evidence includes the detailed testimony of the victim, K.M., as well as the corroborating testimony presented by the victim's mother, the investigating police officer, and the forensic interviewer who interviewed K.M. concerning the assault.  *See* ECF No. 9-7 at 21-68 (testimony of K.M.), 70-93 (testimony of Tina Alaniz), 96-107 (testimony of Sergeant Kai Viesca), and 108-16 (testimony of Amanda Negrete).

Because petitioner is unable to establish that counsel's performance was deficient or that he was prejudiced by counsel's alleged error, the state court's denial of this claim was not an unreasonable application of *Strickland*. Federal habeas corpus relief is therefore denied.

**B.     False Testimony (Claim 2)**

In his second claim for relief, petitioner argues that the State knowingly presented and relied upon Martinez's false testimony regarding her age in order to obtain a conviction in violation of his due process rights under *Napue v. Illinois*, 360 U.S. 264 (1959). As with the previous IATC allegation, the Texas Court of Criminal Appeals rejected this allegation during petitioner's state habeas proceedings. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record.

   1.     The *Napue* Standard

Under *Napue*, a criminal defendant is denied due process when the State knowingly uses perjured testimony or allows false testimony to go uncorrected at trial. 360 U.S. at 269; *see also Giglio v. United States*, 405 U.S. 150 (1972). A petitioner seeking to obtain relief on such a claim must show that (1) the testimony was false, (2) the prosecution knew that the testimony was false, and (3) the testimony was material. *United States v. Dvorin*, 817 F.3d 438, 451-52 (5th Cir. 2016); *Reed*, 504 F.3d at 473. False testimony is only material if there was a reasonable likelihood that it affected the jury's verdict. *Giglio*, 405 U.S. at 153-54; *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000).

   2.     Analysis

Similar to his previous allegation, petitioner contends that the State knowingly introduced false testimony concerning Martinez's age at the time of the extraneous assault. This allegation—like the

previous one—is based on nothing more than petitioner's bare assertion that the testimony was indeed false. Again, petitioner's conclusory opinion as to the veracity of the Martinez's testimony does not establish that her testimony was false or that the prosecution knew the testimony was false. *Ford*, 910 F.3d at 235. As such, petitioner's *Napue* claim could be denied solely because it is conclusory. *Ross*, 694 F.2d at 1011 (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *see also Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988) (inconsistencies in witnesses' testimony at trial are to be resolved by trier of fact and do not suffice to establish that certain testimony was perjured).

Regardless, assuming petitioner is correct that Martinez lied about her age on the stand, her testimony to that effect still would not have been material under *Napue* in light of the entire record establishing petitioner's guilt. Again, the jury heard testimony from the victim as well as three other witnesses who corroborated parts of K.M.'s testimony. *See* ECF No. 9-7 at 21-68 (testimony of K.M.), 70-93 (testimony of Tina Alaniz), 96-107 (testimony of Sergeant Kai Viesca), and 108-16 (testimony of Amanda Negrete). Thus, petitioner has failed to demonstrate a *Napue* violation.

Consequently, viewing all of the arguments and evidence under the deferential standard that applies on federal habeas review, petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Napue*. Federal habeas relief is therefore denied.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's

constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

### V. Conclusion and Order

After careful consideration, the Court concludes that petitioner failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during petitioner's state trial, appellate, and habeas corpus proceedings.  As a result, petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Ruben Talamantez, Jr.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 21st day of November, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE